UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEVERLY BYRD,<br>    Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. 4:23-CV-593-P |
| v. | §<br>§ | |
| SUREPOINT ER,<br>    Defendant. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate are as follows:

### FINDINGS AND CONCLUSIONS

#### I.    STATEMENT OF THE CASE

Pending before the Court is Defendant Surepoint ER ("Surepoint")'s Motion to Compel Arbitration, Appoint an Arbitrator, and Dismiss Lawsuit ("Motion") [doc. 9]. In Defendant's Motion, Surepoint alleges that there is a valid and binding arbitration agreement that requires Plaintiff Beverly Byrd ("Byrd") to adjudicate her claims against Surepoint through arbitration. (Defendant's Motion ("Def.'s Mot.") at 1). Further, Surepoint asks the Court to appoint a neutral arbitrator in accordance with Section 3 of the arbitration agreement. (Def.'s Mot. at 1, Exhibit A-1). Finally, Surepoint requests that the Court dismiss the case. (Def.'s Mot. at 1).

In her response [doc. 13], Byrd concedes that there is a binding arbitration agreement and states, "Plaintiff is not opposing arbitration that is respectful, and proceeds timely and accordingly." (Plaintiff's Response ("Pl.'s Resp.") at 1). In fact, Byrd filed a petition in state

court and a demand for arbitration with the American Arbitration Association ("AAA"), seeking to compel arbitration under the arbitration agreement. (Pl.'s Resp. at 2 ("Plaintiff filed a 'Petition to Compel Arbitration' . . . on May 30, 2023, in Tarrant County State Court, styled Beverly Byrd v. Surepoint ER in the 141st Judicial District Court. . . . Plaintiff also submitted a demand for arbitration to the [AAA]")). Furthermore, Byrd states that she "is not opposed to the [C]ourt appointing a [sic] arbitrator that [is] representative of the communities that Plaintiff lives and works in." (Pl.'s Resp. at 5). However, unlike the other issues, Byrd does not agree with Plaintiff and argues that the Court should not dismiss the case. (Pl.'s Resp. at 5-6).

## II.   ANALYSIS

### A. Defendant's Motion to Compel Arbitration should be GRANTED

First, the Court considers Defendant's Motion to Compel Arbitration. As discussed above, the parties agree that a valid and binding arbitration agreement exists, and that the case should be submitted for arbitration. (*See* Def.'s Mot. at 1; *see also* Pl.'s Resp. at 2). Accordingly, the Court finds and concludes that a binding arbitration agreement exists and that arbitration of Byrd's claims against Surepoint is appropriate. Therefore, the Court recommends that Defendant's Motion to Compel Arbitration should be **GRANTED**.

### B. Defendant's Motion for the Court to Appoint an Arbitrator should be GRANTED

Next, the Court considers Defendant's Motion for the Court to Appoint an Arbitrator. Surepoint alleges that the parties have been unable to agree on an arbitrator and requests that the Court appoint a neutral arbitrator as allowed by Section 3 of the arbitration agreement. (Def.'s Mot. at 1, Exhibit A-1). Byrd agrees that the parties have been unable to agree on an arbitrator and states that she is not opposed to the Court appointing an arbitrator. (Pl.'s Resp. at 5). Accordingly, the Court finds that appointment of an arbitrator is consistent with Section 3 of the

arbitration agreement and is appropriate in this case. Therefore, the Court recommends that the Defendant's Motion for the Court to Appoint an Arbitrator be **GRANTED** and further that John Allen Chalk, Esq., be appointed as arbitrator.

### C. Defendant's Motion to Dismiss should be GRANTED

The Court next considers Defendant's Motion to Dismiss the Case. Unlike the other aspects of the Motion, Byrd does not agree with the Plaintiff and argues that the case should not be dismissed. (Pl.'s Resp. at 5-6). The Fifth Circuit has held that dismissal is proper "when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit allows district courts to dismiss such claims outright"); *Adam Techs. Int'l S.A. de CV v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d at 1164)).

In this case, Byrd alleges workplace discrimination, workplace mistreatment, and wrongful termination against Surepoint. (*See* Pl.'s Resp. at 3-5). The arbitration agreement applies to all claims related to Byrd's employment with and termination from Surepoint. (Def.'s Mot., Exhibit A-1). Accordingly, the Court finds that all of the claims Byrd raises are subject to the arbitration agreement and must be submitted to arbitration. Therefore, the Court recommends that Defendant's Motion to Dismiss be **GRANTED** and that this case be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendant's Motion be **GRANTED** in its entirety and that John Allen Chalk, Whitaker Chalk Swindle, 301 Commerce St. Ste. 3500, Fort Worth, TX (817-878-0575), be appointed as arbitrator.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 14, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 31, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE